## IN THE MATTER OF ALBERT KUSHINSKY, AN ATTORNEY AT LAW.

Argued October 22, 1968—Decided November 25, 1968.

(1)

*Mr. Jerome J. Doherty* for the order.

*Mr. Burton T. Gans* for respondent.

The opinion of the court was delivered

PER CURIAM. A complaint was filed with the Ocean County Ethics Committee by Daniel H. Roberts against the respondent-attorney Albert Kushinsky, charging him with "breach of confidence, conflict of interests, fraud and misrepresentation." The complaint was based on respondent's conduct in representing Roberts' company, Fencecraft Supply Co., in several actions involving woodcutting rights in two tracts of land. After extensive hearings the Committee filed a presentment in which it found that the respondent was not guilty of breach of confidence, fraud or misrepresentation,

and that he did "a good, workmanlike professional job for his client and in an expeditious manner, with adequate results." However, the Committee did find that respondent violated Canon 6 of the Canons of Professional Ethics.[1] This Court issued an order to show cause why the respondent should not be disciplined.

From our examination of the voluminous record and the many exhibits, we are satisfied that the Committee was correct in finding that the respondent was not guilty of breach of confidence, fraud or misrepresentation. On the question of respondent's violation of Canon 6 the following facts appear:

Respondent instituted an action on behalf of Fencecraft against Humus Land Co., the owner of the tracts where the wood was to be cut. The suit was settled by stipulation that Fencecraft would become the lessee of cutting rights in the tracts for a term of five years. Before judgment was entered, and without the full knowledge and consent of his client, Roberts, respondent engaged in the representation of Humus Land Co. in an action brought against it by one of its stockholders. The suit was later dismissed.

It also appears that respondent obtained a judgment on behalf of Fencecraft for $49,700.00 against one Damon. About four months after the judgment was entered, the respondent accepted a retainer of $900.00 to represent Damon who had been indicted for attempted rape. Roberts had no knowledge of respondent's representation of Damon. The judgment was wholly uncollected at the time respondent undertook to defend Damon on the criminal charge.

The Committee found that the above facts constituted violations of Canon 6.

The respondent argues before us that his representing the Humus company in the stockholder's suit and his repre-

---

[1] Canon 6, in pertinent part, provides: "It is unprofessional to represent conflicting interests, except by express consent of all concerned given after a full disclosure of the facts."

senting Damon in the criminal case were totally unrelated to his duties as attorney for Fencecraft in its actions against Humus and Damon. While it is true that the stockholder's action and the criminal action were unrelated to the actions of Fencecreft against Humus and Damon, the respondent was under an obligation to devote his full allegiance to his first client Fencecraft. Under the stipulation entered in the Fencecraft-Humus suit, Humus was the landlord of Fencecraft for the term of the cutting, and there was the possibility of further differences between landlord and tenant which would require bargaining at arm's length. Assuredly, respondent could not with propriety represent them both during that period without the consent of Fencecraft. And it is self-evident that without the consent of Fencecraft the respondent could not fulfill his obligations as an adversary to do all in his power to press Damon for payment of the judgment, and at the same time defend Damon against the criminal charge. What would respondent's duties be to Fencecraft if in representing Damon he were to discover a previously undisclosed asset? An attorney, in fairness to either client, cannot be permitted to place himself in such an ambivalent situation.

Respondent also urges that his representation of Humus was beneficial to Fencecraft, i. e., if the stockholder's suit had been decided against Humus, Fencecraft's cutting rights would have been adversely affected. However, it was not for the respondent to make an evaluation on his own as to whether his client would benefit by his representation of an adverse party in another action. This could only be done by the consent of the client with a full disclosure of all the circumstances. This the respondent did not do.

Respondent also urges that Damon was insolvent and that it was to Fencecraft's interest if Damon were kept out of jail. Again, it was not for the respondent to make that evaluation without the consent of his first client Fencecraft.

We agree with the finding of the Committee that respondent violated Canon 6. The statement by Drinker in

his work on *Legal Ethics* (1953), at *p.* 104, and quoted in *In re Kamp,* 40 *N. J.* 588, 595 (1963), is applicable:

"In observing the admonition of Canon 6 to avoid the representation of conflicting interests, the lawyer must have in mind not only the avoidance of a relation which will obviously and presently involve the duty to contend for one client what his duty to the other presently requires him to oppose, but also the probability or possibility that such a situation will develop."

Although there is nothing to indicate that the client was injured, nonetheless respondent's conduct which was a violation of Canon 6 warrants a reprimand.

*For reprimand*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.